[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13508

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALEXANDER ROS LAZO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20536-JEM-1

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Alexander Lazo appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred in determining that (1) he failed to show extraordinary and compelling reasons for his compassionate release, and (2) compassionate release was inappropriate because he posed a danger to the community.[1] After review, we affirm.

## I.    Background

In 2018, Lazo pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit heath care and wire fraud in violation of 18 U.S.C. § 1349, and he received a sentence of 87

---

[1] We note that the district court denied Lazo's motion for compassionate release on September 23, 2022, and Lazo did not file a notice of appeal until October 14, 2022, which is outside the 14-day window for filing a timely notice of appeal under Federal Rule of Criminal Procedure 4(b). However, in its brief on appeal, the government affirmatively waives any challenge to the timeliness of the appeal. *See United States v. Lopez*, 562 F.3d 1309, 1311–13 (11th Cir. 2009) (explaining that the deadline for criminal appeals is not jurisdictional and may be waived by the government).

22-13508                Opinion of the Court                3

months' imprisonment.[2]    Lazo began serving his sentence in May 2021.[3]

In February 2022, Lazo filed a motion for compassionate release and requested that he be resentenced to home confinement, arguing that he suffered from medical conditions that placed him at high risk for serious illness from COVID-19, including diabetes, high blood pressure, asthma, obesity, polycythemia vera (a rare blood disorder), and an abnormal lymph node in his abdomen. He asserted that his primary care physician recommended that he not be vaccinated for COVID-19 due to his health conditions. Thus, he maintained that the "unparalleled health crisis" caused by the global COVID-19 pandemic coupled with his high risk constituted extraordinary and compelling reasons for compassionate release under the "other reasons" catch-all provision set forth in U.S.S.G. § 1B1.13(1)(D). Additionally, he

---

[2] The conspiracy involved submitting false and fraudulent claims to Medicare for services that were either not rendered, medically unnecessary, or not eligible for Medicare reimbursement. In exchange for Lazo's guilty plea to the conspiracy count, the remaining counts for healthcare fraud (4 counts), conspiracy to defraud the United States and pay and receive health care kickbacks, and payment of bribes and kickbacks in connection with a federal health care program (2 counts) were dismissed.

[3] Lazo's wife also pleaded guilty to conspiracy to commit healthcare and wire fraud, and she was sentenced to 24 months' imprisonment. However, because Lazo and his wife were the primary caregivers to their elderly parents, the district court staggered their sentences, and Lazo's wife served her sentence first, at which point Lazo then had to self-surrender in May 2021.

asserted that the 18 U.S.C. § 3553(a) factors supported his request. The government opposed the motion.

The district court denied the motion, concluding that Lazo did not show extraordinary and compelling reasons as his prison medical records showed that his medical conditions were being monitored and treated by the prison and those conditions did not substantially diminish his ability to provide-self care in prison. Furthermore, the district court concluded that even if extraordinary and compelling reasons were present, compassionate release was not warranted because Lazo posed a danger to the community given the nature of his offense. The district court noted that Lazo had played a role in an "elaborate and sophisticated multi-million-dollar health care fraud scheme that spanned nearly a decade" and that his crime "greatly impacted the public's most vulnerable." Lazo appealed.

## II.    Discussion

Lazo argues that in light of his various medical conditions, the district court erred in concluding that he failed to establish extraordinary and compelling reasons for compassionate release. He maintains that "his high susceptibility to COVID-19 falls within the purview of [the] catchall" provision in U.S.S.G. 1B1.13, application note (1)(D). Additionally, he argues that the district court abused its discretion in finding that he posed a danger to the community—a conclusion which he contends is undermined significantly by the fact that the district court allowed him to stay

out of custody for over two years after sentencing before self-surrendering.

We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review a district court's denial of a movant's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A). Thus, under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). If the district court finds against the movant on any one of

these requirements, it cannot grant relief, and need not analyze the other requirements. *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021); *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order").

When the district court ruled on Lazo's motion in September 2022, the Sentencing Commission defined "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) in Application Note 1 to U.S.S.G. § 1B1.13.[4] Pursuant to this definition, there were four circumstances under which "extraordinary and compelling reasons exist[ed]," including as relevant here, that: (A) the defendant suffers from (i) "a terminal

---

[4] Notably, while this appeal was pending, the United States Sentencing Commission amended § 1B1.13 and added new grounds that constitute extraordinary and compelling reasons for compassionate release, which took effect in November 2023. *See* U.S.S.G. § 1B1.13(b) (2023). One of these new grounds is that the movant has health risk factors that place him "at increased risk of suffering severe medical complications or death as a result of exposure to [an] ongoing outbreak of infectious disease" and "such risk cannot be adequately mitigated in a timely manner." *Id.* § 1B1.13(b)(1)(D). We note, however, that these substantive changes to § 1B1.13 do not apply retroactively, and the parties do not argue otherwise. *See United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011) (explaining that only "clarifying" amendments are given retroactive effect on appeal; "substantive" amendments are "not applied retroactively"); *United States v. Summers*, 176 F.3d 1328, 1331 (11th Cir. 1999) ("[A]lteration of actual Guideline language strongly suggests that a substantive change was being made."). Therefore, we focus on the version of U.S.S.G. 1B1.13 that was in effect at the time the district court rendered its decision. *Jerchower*, 631 F.3d at 1184.

illness," or (ii) a permanent health condition "that substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; or (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1 (A), (D). We held in *Bryant* that "district courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in [§] 1B1.13," and that Application Note 1(D) "[did] not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248, 1262–65.

Lazo was eligible for compassionate release only if he showed that he had a terminal illness or that the medical conditions substantially diminished his ability to provide self-care while in prison. U.S.S.G. § 1B1.13 cmt. n.1(A). He failed to show either. Although he argues that his medical conditions place him at severe risk from COVID-19, his medical records show that his conditions are being treated and are manageable in prison. We have upheld denials of similar motions for compassionate release where an inmate's medical conditions are manageable in prison, even when those conditions may place an inmate at an increased risk from COVID-19. *See Giron*, 15 F.4th at 1346 (holding that the district court did not err in denying compassionate release to an inmate with high cholesterol, high blood pressure, and coronary artery disease even though inmate was at increased risk from COVID-19 because his conditions were manageable in prison); *United States v.*

*Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (holding that the district court did not abuse its discretion by denying compassionate release to an inmate with hypertension despite the increased risk of death or severe medical complications from COVID-19). Moreover, Lazo made no allegation that any of his medical conditions interfered with his ability to provide self-care. Thus, he did not satisfy § 1B1.13 cmt. (n.1)(A).

Finally, although Lazo asserts that the district court had the discretion under subsection (D) to determine that his circumstances qualified as "other" extraordinary and compelling reasons, his argument is foreclosed by our decision in *Bryant*. 996 F.3d at 1248, 1262–65.[5]

Accordingly, we affirm the district court's denial of Lazo's motion for compassionate release.

**AFFIRMED.**

---

[5] Because we conclude that Lazo failed to establish extraordinary and compelling reasons for compassionate release, we do not reach his argument that the district court abused its discretion in determining that his request was not supported by the § 3553(a) factors because he posed a danger to the community. *See Tinker*, 14 F.4th at 1237–38 ("Because all three conditions—*i.e.*, support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction.").